# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STALLA GOMEZ,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security[1]

Defendant.

_______________________________________/

Case No. 1:25-cv-00966-EGC

**ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT**

(Doc. 1)

## I. INTRODUCTION

Plaintiff Stalla Gomez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act"). (Doc. 1). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Erin E. Guy Castillo, United States Magistrate Judge.[2]

## II. BACKGROUND

Plaintiff was born in 1974. (Administrative Record ("AR") 213). She completed fifth grade.

---

[1] On May 7, 2026, Frank Bisignano was named Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 10).

(AR 43). Plaintiff filed applications for DIB and SSI, alleging she became disabled on January 1, 2019. (AR 213–22; 236–37).

**A. Relevant Evidence of Record**[3]

On August 9, 2022, Dr. Pauline Bonilla, Psy.D. completed a comprehensive clinical psychological evaluation, including a "medical source statement." (AR. 397–402). The medical source statement reflects Dr. Bonilla's opinion that Plaintiff is "moderately impaired" as to their ability to "perform detailed and complex tasks," "interact with coworkers and the public," "maintain regular attendance in the workplace," "complete a normal workday/workweek without interruption from a psychiatric condition," "deal with the usual stress encountered in a competitive workplace," and that "the likelihood of [Plaintiff] emotionally deteriorating in a work environment is "moderately impaired." (AR 401).

**B. Administrative Proceedings**

The Commissioner denied Plaintiff's applications for benefits initially on April 11, 2022, and again on reconsideration on October 4, 2022. (AR 65–104). Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 133). The ALJ conducted a hearing on August 29 2023. (AR 34–57). Plaintiff appeared at the hearing with her attorney and testified as to her alleged disabling conditions and work history. (AR 43–53).

A Vocational Expert ("VE") also testified at the hearing. (AR 53–57). In relevant part, the VE testified that there would be no jobs available if a person were off task ten percent of the time or if an individual were absent three days a month continuously and unscheduled. (AR 56).

**C. The ALJ's Decision**

In a decision dated November 21, 2023, the ALJ found that Plaintiff was not disabled. (AR 19–29). The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 21–29). The ALJ decided that Plaintiff had not engaged in substantial gainful activity since December 23, 2021. (AR 21). At step two, the ALJ found Plaintiff's following impairments to be severe: diabetes mellitus, seizure disorder, bilateral vision impairment, unspecified anxiety disorder,

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

unspecified depressive disorder, and obesity. (AR 22). The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 22–23).

The ALJ assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the following RFC:

> to perform medium work as defined in 20 CFR 416.967(c) except she is able to frequently climb, balance, stoop, kneel, crouch, and crawl; no climbing ladders ropes or scaffolds; and no hazards such as unprotected heights or moving machinery; and no driving. She is able to understand, remember, and carry out simple work instructions, and have occasional interaction with the public.

(AR 23–24; *see also id.* 23–27). Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms," the ALJ rejected Plaintiff's subjective testimony as to "the intensity, persistence and limiting effects of these symptoms" as being "not entirely consistent with the medical evidence and other evidence in the record." (AR 25).

The ALJ then determined that Plaintiff could perform her past relevant work experience (step four), and that in, the alternative, given her RFC, she could perform a significant number of jobs in the national economy (step five). (AR 27–29). In making this determination, the ALJ relied on the VE's answers to a series of hypothetical questions the ALJ posed to the VE during the hearing. (AR 27–28). The VE testified that a person with the RFC specified above could perform the jobs of kitchen helper, laundry laborer, or hand packer. (AR 54–55). The ALJ ultimately

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of eight hours a day, for five days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

concluded Plaintiff was not disabled at any time after December 23, 2021, the alleged onset date. (AR 29).

Plaintiff sought review of this decision before the Appeals Council, which denied review on August 23, 2024. (AR 10–15). Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

## III. LEGAL STANDARD

### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if [they are] unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*,

180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B. Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see*, *e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*,

454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV. DISCUSSION

Plaintiff asserts a single claim of error: that the ALJ failed to perform a proper analysis of the consistency and supportability of Dr. Bonilla. (*See* Doc. 13 at 6–11). The Commissioner counters that the ALJ's assessment of Dr. Bonilla is supported by substantial evidence. (*See* Doc. 17 at 5–11). The Court agrees with Plaintiff that the ALJ's evaluation of a medical opinion of record is not supported by substantial evidence.

### A. Legal Standard

Plaintiff's claim is governed by the agency's revised regulations concerning how ALJs must evaluate medical opinions for claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c. The regulations set "supportability" and "consistency" as "the most important factors" when determining the opinions' persuasiveness. 20 C.F.R. § 404.1520c(b)(2). And although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [they] considered the medical opinions" and "how persuasive [they] find all of the medical opinions." 20 C.F.R. § 404.1520c(a)–(b).

The Ninth Circuit has issued the following guidance regarding treatment of physicians' opinions after implementation of the revised regulations:

> The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant. *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from your medical sources."). Our requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, *see Murray*, 722 F.2d at 501–02, is likewise incompatible with the revised regulations. Insisting that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from

> those sources—contrary to the revised regulations.

*Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Accordingly, under the new regulations, "the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

In conjunction with this requirement, "[t]he agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how [it] considered the supportability and consistency factors' in reaching these findings." *Id.* at 792 (citing 20 C.F.R. § 404.1520c(b)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Id.* at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).

As the Ninth Circuit also observed,

> The revised regulations recognize that a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion. *See id.* § 404.1520c(c)(3). Thus, an ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* § 404.1520c(c)(3)(i)–(v). However, the ALJ no longer needs to make specific findings regarding these relationship factors.

*Id.* at 792. "A discussion of relationship factors may be appropriate when 'two or more medical opinions . . . about the same issue are . . . equally well-supported . . . and consistent with the record . . . but are not exactly the same.'" *Id.* (quoting § 404.1520c(b)(3)). "In that case, the ALJ 'will articulate how [the agency] considered the other most persuasive factors.'" *Id.* Finally, if the medical opinion includes evidence on an issue reserved to the Commissioner, the ALJ need not provide an analysis of the evidence in their decision, even in the discussions required by 20 C.F.R. § 404.1520c. *See* 20 C.F.R. § 404.1520b(c)(3).

With these legal standards in mind, the Court reviews the weight given to Dr. Bonilla's opinions.

**B. Analysis**

On August 9, 2022, after performing a mental status examination, psychological consultative examiner Bonilla, Psy.D., issued a report . (AR 397–402). As relevant here, Dr. Bonilla concluded that Plaintiff had moderate impairments in her ability to "interact with coworkers," "maintain regular attendance in the workplace," "complete a normal workday/workweek without interruption from a psychiatric condition," or "deal with the usual stress encountered in a competitive workplace." (AR 401).

The ALJ found Dr. Bonilla's mental evaluation "not persuasive" for several reasons each of which are not supported by substantial evidence.

First, the ALJ stated that Dr. Bonilla opinion was "not persuasive" "because it is based on a one-time examination of the claimant's functioning." (AR 27). Defendant notably does not attempt to defend this reason." (*See* Doc. 19 at 2–5). The Court agrees with Plaintiff that it was unreasonable for the ALJ to reject Dr. Bonilla's opinion because she only saw Plaintiff one time. If this reason was enough, an ALJ would be free to reject every consultative examining doctor's opinion because they generally only see claimants once. The Court agrees with other courts that have rejected similar reasoning. *See*, *e.g.*, *Daniel H. v. Comm'r of Soc. Sec.*, C19-6147-BAT, 2020 WL 7054308 at *2 (W.D. Wash. Dec. 2, 2020); *Amber L. B. v. Comm'r of Soc. Sec.*, No. 2:21-CV-01358-JRC, 2022 WL 1134881, at *5 (W.D. Wash. Apr. 15, 2022). *R.K. v. Kijakazi*, No. 21-CV-01764-VKD, 2023 WL 2393783, at *7 (N.D. Cal. Mar. 6, 2023) ("The fact that [the consultative examiner] conducted a one-time examination is not, in itself, a legitimate basis to discount an opinion; that "rationale would render all examining opinions superfluous and is contrary to the requirement that the ALJ consider all relevant evidence, including medical opinions of examining doctors.'" (quoting *Brown v. Berryhill*, No. 17-cv-02834-JCS, 2018 WL 4700348, at *17 (N.D. Cal. Sept. 29, 2018))).

Beyond the first listed reason for rejecting Dr. Bonilla's opinion, in addressing the factors of consistency and supportability, the ALJ merely states that the opinion is "not supported by the minimal findings, and not consistent with the claimant's reported lack of mental health treatment." Critically, the ALJ does not draw a logical bridge between the evidence cited and the medical opinion being evaluated. *See Crystal O. v. Kijakazi*, No. 3:20-CV-06011-TLF, 2021 WL 5774395, at *2

(W.D. Wash. Dec. 3, 2021) ("the ALJ must build an accurate and logical bridge from the evidence to their conclusions"); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (observing that an ALJ must give a "clear statement of the agency's reasoning"); *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (An ALJ errs when he or she "merely states" that facts "point toward an adverse conclusion" yet "makes no effort to relate any of these" facts to "the specific medical opinions and findings he rejects."). And while the Commissioner now presses an argument outlining what the logical bridge may have been, the Court cannot consider post hoc justifications for the ALJ's decision. *See De Martinez v. Saul*, No. 1:19-CV-00528-SKO, 2020 WL 5535401, at *8 (E.D. Cal. Sept. 15, 2020) ("While the Court can draw reasonable inferences from the ALJ's decision, . . . the Court cannot consider the Commissioner's post hoc rationalizations. The Ninth Circuit has repeatedly emphasized that the 'bedrock principle of administrative law' is that a "reviewing court can evaluate an agency's decision only on the grounds articulated by the agency." (quoting *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991))). Without more, the Court finds that it cannot meaningfully review the ALJ's findings and finds that the ALJ's decision is not supported by substantial evidence.

**C. Harmlessness Review**

The Court must now consider whether the ALJ's error was harmless. *Molina*, 674 F.3d at 1115. Courts look to the record as a whole to determine whether the error alters the outcome of the case. *Id.*; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted) (first quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998), and then quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)).

Defendant argues that any error in the ALJ's evaluation of Dr. Bonilla is harmless because the ALJ incorporated all of Dr. Bonilla's assessed limits into the RFC even though the ALJ rejected parts of Dr. Bonilla's opinion. (Doc. 17 at 8–10). The Court disagrees.

The ALJ rejected Dr. Bonilla's opinion as to Plaintiff's moderate impairments in her ability to "interact with coworkers," "maintain regular attendance in the workplace," "complete a normal workday/workweek without interruption from a psychiatric condition," or "deal with the usual stress

encountered in a competitive workplace." (AR 401). Because the RFC did not account for any of these moderate limitations assessed by Dr. Bonilla's discredited opinion, the Court cannot say that the error was harmless. *See Lamar v. Comm'r of Soc. Sec.*, No. 1:24-cv-00504-EPG, 2025 WL 318294, at *4 (E.D. Cal. Jan. 28, 2025) (noting split and finding that limitations in RFC did not account for all moderate limitations opined by physician); *Berenisia Madrigal v. Saul*, No. 1:18-cv-01129-SKO, 2020 WL 58289, at *5–6 (E.D. Cal. Jan. 6, 2020) (finding that ALJ's RFC of simple, routine tasks with limited peer and public contact did not account for opined limitations in "completing a normal workday or work week due to her psychiatric condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to moderate likelihood that she would emotionally deteriorate in a work environment").

Further, the VE testified that there would be no jobs available if a person were off task ten percent of the time or if an individual was absent three days a month continuously and unscheduled (AR 56). Had the ALJ had credited Dr. Bonilla's opinion as to Plaintiff's moderate impairments, that change may have resulted in greater functional limitations assessed and reflected in the RFC, which may have limited the jobs available at step five.[5] Therefore, the Court cannot say that the error was not "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115.

**D. Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the Court finds that remand for further proceedings is warranted. *See, e.g.*, *De Martinez*, 2020 WL 5535401, at *8. On remand, the ALJ should address the error by properly considering the medical opinion evidence, including Dr. Bonilla's opinion, and then either provide

[5] This is not to say that the disability determination will or should be different regarding the period at issue--only that the Court cannot determine the outcome would remain the same upon a correct evaluation of the record.

specific and legitimate reasons to reject the opinion or incorporate its limitations into the RFC determination.

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Stalla Gomez and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE